**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM L. ZURENDA,**

                          **Plaintiff,**

    **vs.**                                     **3:11-CV-1114**
                                                    **(MAD/VEB)**

**CAROLYN W. COLVIN,**

                          **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**LACHMAN & GORTON**                **PETER A. GORTON, ESQ.**
P.O. Box 89
1500 East Main Street
Endicott, New York 13761
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **AMANDA LOCKSHIN, ESQ.**
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Jennifer A. Zurenda[1] brought the underlying action on September 20, 2011, seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits and supplemental security income. *See* Dkt. No. 1. After remanding this matter to the Social Security Administration on March 21, 2013 for calculation of past-due benefits, *see* Dkt. No. 24, the Court issued a consent order granting attorney's fees and costs in the

---

[1] Ms. Zurenda passed away on September 19, 2012, and her father, William L. Zurenda, was substituted as Plaintiff. *See* Dkt. No. 21.

amount of $5,800.00, pursuant to the Equal Access to Justice Act ("EAJA"), *see* Dkt. No. 30.
Thereafter, an Administrative Law Judge calculated Plaintiff 's benefits and the Commissioner
withheld $10,174.50, representing twenty-five percent of past-due benefits, in anticipation of
direct payment of an authorized attorney's fee. *See* Dkt. No. 31-1 at 2.[2] Plaintiff's counsel now
seeks an award of attorney's fees in the amount of $9,800.00 based upon 42 U.S.C. § 406(b)(1).
*See* Dkt. No. 1. The Commissioner does not oppose the motion. *See* Dkt. No. 32. For the
reasons stated below, the application is granted.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 406,

> [w]henever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment.

*Id.* § 406(b)(1)(A). In determining whether to award fees, a district court looks first to the
contingency fee agreement between parties. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08
(2002). In evaluating the relationship between a contingency fee and attorney's fees under
Section 406(b), the Second Circuit has held "that § 406(b) does not invalidate all contingent fee
arrangements – it merely sets their upper limit – and [ ] a requested fee based on a contingent fee
arrangement should be enforced unless the court finds it to be unreasonable." *Wells v. Sullivan*,
907 F.2d 367, 370 (2d Cir. 1990). The Second Circuit has noted that "the best indicator of the
'reasonableness' of a contingency fee in a social security case is the contingency percentage
actually negotiated between the attorney and client, not an hourly rate determined under lodestar

---

[2] To avoid confusion, the Court refers to the page numbers assigned by the Electronic Case Filing system.

2

calculations." *Id.* at 371. To determine whether an agreement is reasonable, the court "must give due deference to the intent of the parties" as well as "determine whether the contingency percentage is within the 25% cap[,] whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372. When an attorney receives attorney's fees under both the EAJA and the Social Security Act, he must give the smaller of these two awards to Plaintiff. *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

Plaintiff has not presented the Court with any contingency fee agreement. In the usual case, the Court is obligated to defer to the intent of the parties, as it is "the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d at 371. In the present motion, Plaintiff's counsel represents that he has "agreed with the Plaintiff that [he] shall be paid an additional $4,000 for fees earned in this matter so that the total fee of $9,800 be awarded less the prior paid sum of the EAJA Fees of $5,800, so that an additional sum of $4,000 be paid at this time." Dkt. No. 31-1 at 1. The Court accepts this representation as an accurate portrayal of the intent of the parties.

The requested total fee of $9,800.00 represents an hourly rate of $286.55 for 34.2 hours spent working on this case, *see* Dkt. No. 26 at ¶ 5. This hourly rate has been held to be reasonable when an attorney has been successful with a client's Social Security claim. *See, e.g.*, *Devaux v. Astrue*, 932 F. Supp. 2d 349, 351 (E.D.N.Y. 2013) (holding $386.32 per hour was reasonable); *Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, * 4 (E.D.N.Y. Nov. 26, 2012) (holding $650 per hour was reasonable); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2009) (holding $891 per hour was reasonable); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009

3

WL 2426008, *2 (N.D.N.Y Aug. 6, 2009) (holding $743.30 per hour was reasonable); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324-25 (W.D.N.Y. 2009) (holding $705 per hour was reasonable).

The Court does not find evidence of fraud or overreaching in making the agreement, nor does Defendant oppose this petition. The Court also find that this amount would not be a windfall to the attorney. The total fee request here, $9,800.00, is less than the amount withheld from past-due benefits by the Commissioner based upon a twenty-five percent contingency, $10,174.50. Plaintiff's counsel has extensive experience practicing Social Security law and representing claimants before the Social Security Administration and in the United States District Courts. Plaintiff's counsel successfully represented Plaintiff in this matter, and Plaintiff was found disabled and awarded past due benefits. Therefore, the Court finds that the fee requested is reasonable given the services rendered.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's counsel's motion for an award of attorney's fees (Dkt. No. 31) pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $9,800.00; and the Court further

**ORDERS** that the amount of $10,174.50 shall be paid to Plaintiff's counsel out of the sum that Defendant has withheld from Plaintiff's past-due benefits; and the Court further

**ORDERS** that, upon his receipt of the amount of $10,174.50, Plaintiff's counsel shall immediately refund to Plaintiff the sum of $6,174.50.

**IT IS SO ORDERED.**

Dated: July 17, 2014
Albany, New York

_Mae A. D'Agostino_
U.S. District Judge